An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRUCE GLATTFELDER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61003

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery constituting domestic violence—strangulation. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Bruce Glattfelder contends that insufficient evidence supports his conviction. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to support the conviction beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Vega v. State, 126 Nev. ___, ___, 236 P.3d 632, 639 (2010). The victim testified that Glattfelder, her husband, placed his hands around her neck and squeezed with a "claw-like vice grip." He squeezed tighter and tighter until the victim could not breathe. When she succeeded in kicking Glattfeld off of her, the victim was initially unable to scream or speak. The jury saw photographs of the victim's injuries, taken approximately 45 minutes after the offense. The medical examiner testified that the photographs of the victim's injuries were consistent with strangulation and strangulation can result in substantial bodily harm or

13-04680

death. From this evidence, a rational juror could reasonably infer that Glattfelder committed the charged offense. See NRS 33.018(1); NRS 200.481(1)(a), (h). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. See Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Glattfelder also asserts that his trial counsel was ineffective because he did not call any witnesses on his behalf, made an inadequate closing argument, and attempted to extort him for more money shortly before trial. It appears from the district court minutes that the district court considered and rejected these claims of ineffective assistance of counsel—in the context of a motion for a new trial—after an evidentiary hearing. Therefore, it appears that it is appropriate for this court to address these claims on direct appeal. See Pellegrini v. State, 117 Nev. 860, 883, 34 P.3d 519, 534 (2001). We are unable to do so, however, because Glattfelder has not included copies of the motion for a new trial, the State's opposition, or the transcripts of any of the hearings relating to the motion for a new trial in the appendix.[1] See NRAP 3C(e)(2)(C); NRAP

---

[1]In addition to this dereliction, Glattfelder's appendix does not comply with NRAP 30(c)(1) because the included transcripts are not in chronological order. Further, the majority of the citations to the appendix in the fast track statement are incorrect. See NRAP 3C(e)(1)(C). We caution Glattfelder's counsel, Bret Whipple, that future failure to comply with applicable rules may result in the imposition of sanctions. See NRAP 3C(n); NRAP 30(g)(2).

30(b)(1), (b)(3); <u>Greene v. State</u>, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980). Having concluded that Glattfelder is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.      _____, J.
Parraguirre                                      Cherry

cc:    Hon. David B. Barker, District Judge
        Justice Law Center
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A